In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-26-00117-CV
IN THE INTEREST OF A.L.A.

**On Appeal from the 279th District Court**
**Jefferson County, Texas**
**Trial Cause No. 25DCFM0644**

**MEMORANDUM OPINION**

Mother appeals an order terminating her parental rights to her minor child, "Alice."[1] The trial court found, by clear and convincing evidence, that statutory grounds exist for termination of Mother's parental rights and that termination of her parental rights would be in the child's best interest. *See* Tex. Fam. Code Ann. § 161.001(b)(1)(D), (E), (N), (Q), (2).[2]

---

[1]To protect the identity of the child, we use pseudonyms to refer to the child and the parents. *See* Tex. R. App. P. 9.8(b)(2); Tex. Fam. Code Ann. § 109.002(d).

[2]The trial court also terminated Father's parental rights, but he is not a party to this appeal.

Mother's appointed attorney submitted a brief in which he contends that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738 (1967); *In re L.D.T.*, 161 S.W.3d 728, 730-31 (Tex. App.—Beaumont 2005, no pet.) (noting *Anders* procedures apply in parental-rights termination cases). The brief presents the attorney's professional evaluation of the record and explains why no arguable grounds exist to overturn the trial court's judgment. The attorney represented to the Court that he gave Mother a copy of the *Anders* brief he filed, notified Mother of her right to file a pro se brief, and provided copies of the clerk's and reporter's records. The Court likewise notified Mother of her right to file a pro se response, and the deadline for doing so. Mother did not file a response with the Court.

We have independently evaluated the appellate record and the brief filed by Mother's court-appointed attorney. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744); *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *In re K.R.C.*, 346 S.W.3d 618, 619 (Tex. App.—El Paso 2009, no pet.). Based on our review of the record, we have found nothing that would arguably support an appeal and agree that the appeal is frivolous and lacks merit. *See Bledsoe*, 178 S.W.3d at 827-28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for arguable error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *In re K.R.C.*, 346

2

S.W.3d at 619. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We affirm the trial court's order terminating Mother's parental rights. Should Mother decide to pursue an appeal to the Supreme Court of Texas, her counsel's obligation can be met "by filing a petition for review that satisfies the standards for an *Anders* brief." *See In re P.M.*, 520 S.W.3d 24, 27-28 (Tex. 2016) (citations omitted).

AFFIRMED.

KENT CHAMBERS
Justice

Submitted on June 19, 2026
Opinion Delivered August 6, 2026

Before Golemon, C.J., Johnson and Chambers, JJ.